**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: Pizzeria Management III LLC, | ) | Case No. 25-11334-jps |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | Judge Jessica E. Price Smith |
| | ) | |
| | ) | |

**APPLICATION OF DEBTOR TO EMPLOY COFFEY LAW LLC AND**
**THOMAS W. COFFEY AS LEGAL COUNSEL**

Debtor Pizzeria Management III LLC respectfully sets forth the following for its

Application to Employ Coffey Law LLC and Thomas W. Coffey as legal counsel:

### I.     Jurisdiction, Venue, and Procedural Posture

1.      This case was commenced on March 31, 2025, when the Debtor filed a

voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code.

2.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

Venue is proper in this Court under and pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core

proceeding under 28 U.S.C. § 157(b)(2).

3.      The Debtor is continuing in possession of its property and in control of its business

pursuant to 11 U.S.C. §§ 1107 and 1108.

### II.     Background

4.      The Debtor is engaged in the business of operating a restaurant specializing in Pizza

and related casual dining-style food and beverages.

5.      The Debtor presently operates as "Zeppe's Tavern" under a franchise agreement between Jason Dicks, the sole member of the Debtor, and Zeppe's Tavern Franchise LLC.

6.      Concurrently with the filing of this case, Jason Dicks has filed his own reorganization case in this Court under Chapter 11 subchapter V.

### III.     Retention, Qualifications, and Fee History

7.      The Debtor desires to employ and retain Thomas W. Coffey and the law firm of Coffey Law LLC to represent it in these Chapter 11 proceedings.

8.      Coffey Law LLC is well-suited for the type of representation required by the Debtor in this case. Coffey Law LLC is a boutique commercial and corporate law firm founded by Thomas W. Coffey in 2017. The business model of the firm, which is located in an office in the Tremont neighborhood of the City of Cleveland, is to provide large-firm-quality representation at rates affordable for mid-market companies.

9.      Thomas W. Coffey, whom the Debtor proposes to retain as bankruptcy counsel, has practiced bankruptcy and commercial law since 1987, when he was admitted to the bar in Pennsylvania. He carries the AV rating from Martindale Hubbell and the distinction of having been recognized numerous times as an Ohio Super Lawyer. He is a member in good standing of the bars of the United States Courts of Appeal for the Tenth, Sixth, and Third Circuits, the United States Tax Court, the United States District Courts for the Northern and Southern Districts of Ohio, the Western District of Pennsylvania, the Eastern District of Michigan, the Eastern District of Wisconsin, and the Supreme Courts of Ohio and Pennsylvania.

10.     Mr. Coffey has participated in some of the largest bankruptcy cases to be filed in the United States. His published articles on commercial law have been cited by the United States

Court of Appeals for the Third Circuit, and by other courts. He taught courses in commercial law at the Salmon P. Chase College of Law at Northern Kentucky University and at the University of Cincinnati College of Law, where he was recognized with the Adjunct Faculty Teaching Excellence Award in 2001. Mr. Coffey served for twelve years as a Chapter 7 Panel Bankruptcy Trustee in Cincinnati.

11.     Among other significant assignments, Thomas W. Coffey was designated Special Counsel to the Debtor in the AmFin Financial Bankruptcy case, a two-billion dollar bank holding company case filed in this district. Mr. Coffey was counsel for the Debtors in the recent cases of EEI Acquisition Corp. in Cleveland, and Sahbra Farms Inc. in Akron, each of which resulted in a confirmed Chapter 11 plan. He has assumed the leading role in preparing and prosecuting this bankruptcy case on behalf of the Debtor.

12.     The Debtor contemplates that Coffey Law LLC and Mr. Coffey will serve the Debtor as bankruptcy counsel throughout this Chapter 11 case. Certain of the legal services that Mr. Coffey and Coffey Law LLC may render to the Debtor in this case may be summarized as follows:

a)  Advising the Debtor as to its rights, powers and duties as Debtor and Debtor in Possession in this case;

b)  Preparing and filing all necessary and appropriate petitions, schedules, statements of financial affairs, applications, motions, pleadings, orders, notices and related documents as required by the Bankruptcy Code;

c)  Reviewing the nature, extent and validity of liens asserted against the property of the

Debtor, and advising the Debtor with respect to the enforceability of such liens;

d) Advising the Debtor with respect to the contemplated formation, solicitation of approval, and confirmation of a Chapter 11 plan, and

e) Performing other legal services for the Debtor, including providing guidance with respect to documents required by the Office of the U.S. Trustee, dealing with cash collateral issues, and dealing with any necessary bankruptcy litigation matters.

13.     Subject to the Court's approval, Coffey Law LLC will charge the Debtor for its legal services at the rate of $350.00 per hour.

14.     Coffey Law LLC has received a single retainer payment of $11,738 for legal services and reimbursement of expenses prior to the filing of the case. That payment was made by the Debtor to Coffey Law LLC via wire transfer on March 27, 2025, and was partly consumed by pre-petition legal fees of $7,875 and the $1,738 Bankruptcy Court filing fee, which, pursuant to agreement with the Debtor, was paid from the pre-petition retainer. The $11,738 retainer payment was the only money received by the firm from the Debtor to-date, and consequently also the only money received by the firm from the Debtor during the 90-day period prior to the filing of this case.

15.     Coffey Law LLC has not received an additional retainer for services to be rendered during the post-petition period, but $2,125 remains on hand from the initial retainer and is held in the firm's IOLTA account. Coffey Law LLC intends to apply to this Court for approval of post-petition fees and expenses and will seek to have those fees paid by the Debtor and its estate in accordance with future Orders of this Court.

### IV. Connections with the Debtor, Creditors, and Parties in Interest

16.     Pursuant to FRBP 2014, Thomas W. Coffey and Coffey Law LLC hereby disclose the following connections with the Debtor, creditors, and other parties in interest:

17.     Thomas W. Coffey and Coffey Law LLC have represented the Debtor since March 19, 2025, with the majority of the legal services provided during the pre-petition period focused on the planning of the case, as well as the creation of the petition, schedules, and other initial documents. Applicants have not represented the Debtor in any other matters.

18.     When it became obvious that a Chapter 11 case would be required for the Debtor and that an individual bankruptcy case would have to be considered and evaluated for the Debtor's sole member, Jason Dicks, as well, Mr. Dicks retained Fred Schwieg to represent him individually. Neither Coffey Law LLC nor Mr. Coffey have ever represented Mr. Dicks individually.

19.     In so far as he has been able to determine, Thomas W. Coffey has never represented any of the creditors in this case, nor has he ever represented any interest opposed to those creditors.

### V. Legal Analysis

20.     Bankruptcy Code § 327(a) provides, in pertinent part, as follows:

> Except as otherwise provided in this section, the trustee, with the Court's approval, may employ one ore more attorneys… that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

21.     Other than as set forth herein, and in the Verified Statement of Thomas W. Coffey in Support of the Application of the Debtor to Employ Coffey Law LLC and Thomas W. Coffey as Legal Counsel attached hereto as Exhibit A (the "Coffey Statement'), to the best of the Debtor's

knowledge, information and belief, neither Coffey Law LLC nor Thomas W. Coffey has any connections to the Debtor, creditors, any other parties in interest, their respective attorneys, the United States Trustee, or any person employed in the Office of the United States Trustee.

22.     There are no facts present in this case that suggest that either Coffey Law LLC or Thomas W. Coffey holds or represents an interest adverse to the estate. Thomas W. Coffey and Coffey Law LLC are "disinterested persons" as defined in §101(14) of the Bankruptcy Code. Neither Coffey Law LLC nor Thomas W. Coffey is a creditor, equity security holder, or insider of the Debtor. Neither holds an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of its relationship or connections to other parties in interest in this case.

23.     The Debtor is entitled to choose its counsel, and that choice should be disturbed only in the rarest circumstances. Bankruptcy Courts have repeatedly so held. *See, e.g., In re Creative Restaurant Management, Inc.,* 139 B.R. 902, 910 (Bankr. W.D. Mo 1992); *Vergos v. Timber Creek, Inc.,* 200 B.R. 624, 628 (W.D. Tenn. 1996) (relationship between attorney and client is highly confidential, demanding personal faith, thus only in the rarest cases will the debtor be deprived of the privilege of selecting counsel).

24.     Instead, case law has established that the question is not whether some perceived conflict exists, but whether such a potential conflict renders the lawyer's interest materially adverse to the estate or other creditors. *See, In re Stamford Color Photo, Inc.,* 98 B.R. 135, 137-38 (Bankr. D. Conn. 1989). "Horrible imaginings alone cannot be allowed to carry the day. Not every conceivable conflict must result in sending counsel away to lick his wounds." *See In re Martin*, 817 F.2d 175, 183 (1st Cir. 1987). Only the concurrent representing of truly conflicting

6

interests will disqualify an attorney from representing a debtor in possession. *In re Dynamark*, 137 B.R. 380, 381 (Bankr. S.D. Cal. 1991).

25.     The Debtor in this case has forged a relationship of trust with Coffey Law LLC and Thomas W. Coffey. Counsel has earned the confidence of the Debtor during very difficult moments of the Debtor's corporate lifetime. The Debtor and its manager now want counsel to guide them through the often rough terrain of Chapter 11. That choice should be honored and Thomas W. Coffey and Coffey Law LLC should be retained as counsel.

26.     As established above, Thomas W. Coffey is more than qualified to give the necessary advice to the Debtor in this case, and to represent the Debtor effectively in this case.

27.     The information in this Application, in conjunction with the Coffey Statement, make it clear that: (a) Thomas W. Coffey and Coffey Law LLC are well qualified to represent the Debtor in this case; (b) Thomas W. Coffey and Coffey Law LLC neither hold nor represent any interest adverse to the estate, and (c) Thomas W. Coffey and Coffey Law LLC are disinterested persons as defined by the Bankruptcy Code. Accordingly, all of the standards under 11 U.S.C. §327(a) are met.

**WHEREFORE,** the Debtor respectfully requests that this Court APPROVE the Application of the Debtor to Employ Coffey Law LLC and Thomas W. Coffey as Legal Counsel.

Respectfully submitted,

/s/ Thomas W. Coffey (0046877)
Coffey Law LLC
2430 Tremont Avenue
Cleveland, OH 44113
(216) 870-8866
tcoffey@tcoffeylaw.com
*Proposed Counsel for the Debtor*

7

# EXHIBIT A

| | | |
|---|---|---|
| In Re: Pizzeria Management III LLC, | ) | Case No. 25-11334-jps |
| | ) | |
| Debtor in Possession. | ) | Chapter 11 |
| | ) | |
| | ) | Judge Jessica E. Price Smith |

_____

**VERIFIED STATEMENT OF THOMAS W. COFFEY IN SUPPORT OF
APPLICATION OF DEBTOR TO EMPLOY COFFEY LAW LLC AND
THOMAS W. COFFEY AS LEGAL COUNSEL**
_____

I, Thomas W. Coffey, hereby declare, pursuant to the provisions of 28 U.S.C. § 1746.,

that:

I am a duly licensed and practicing attorney in the State of Ohio and in the Commonwealth

of Pennsylvania. I am admitted to practice in the Tenth, Sixth, and Third United States Circuit

Courts of Appeal, the United States Tax Court, and the United States District Courts for the

Northern and Southern Districts of Ohio, the Western District of Pennsylvania, the Eastern District

of Michigan, and the Eastern District of Wisconsin.

Neither I nor Coffey Law LLC, of which I am a member, insofar as I have been able to

ascertain, hold or represent an interest adverse to the above captioned Debtor or his estate. Other

than in connection with this case, neither I nor Coffey Law LLC has any connection with the

Debtor's creditors or any other party in interest herein, except for the following connections with

the Debtors, creditors, or other parties in interest:

1.    Prior to their retention by the Debtor in March of 2025, neither Thomas W. Coffey

nor Coffey Law LLC (collectively, "Applicant") had never represented the Debtor or had any

contact with the Debtor.

2. Applicant has never represented the Debtor's sole member, Jason Dicks.

3. Applicant has never represented any of the creditors in this case. Applicant has not represented interests opposed to those creditors in other, unrelated cases insofar as Applicant has been able to determine.

4. Coffey Law LLC has received total compensation and reimbursement of expenses of $11,738 from the Debtor during the twelve-month period prior to the institution of this case, consisting of a retainer for legal fees in the amount of $10,000 and $1738 for payment of the filing fee for this case. Applicant paid the filing fee and its $7875 legal fee incurred for pre-petition preparation of certain of the case documents, advice and counseling related to analysis of the financial challenges stemming from restaurant operations and structural issues, bankruptcy planning issues, and related matters. No money was owed by the Debtor to Coffey Law LLC at the inception of the case, and Coffey Law LLC was therefore not a creditor of the Debtor.

5. As of the filing date of this case, Coffey Law LLC is holding a retainer for application to post-petition fees when and if ordered by the court, in the amount of $2125.

6. Except as disclosed herein and in the Retention Application, neither I nor Coffey Law LLC have any connections with the respective creditors or attorneys for creditors and parties in interest as set forth above, and neither I nor Coffey Law LLC has any connections with the United States Trustee or any person employed in the Office of the United States Trustee.

7. Neither Coffey Law LLC nor Thomas W. Coffey has any agreement with any other person or entity for the sharing of fees in this case.

8. The proposed employment of Thomas W. Coffey and Coffey Law LLC is not prohibited by or improper under FRBP 5002. I am qualified to act as counsel for the Debtor in this bankruptcy case. I make this declaration in accordance with 11 U.S.C. § 327(a) and FRBP 2014.

9.     I, the undersigned, declare under the penalty of perjury that the foregoing is true and correct.

_____
Thomas W. Coffey (0046877)

3