# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: Pizzeria Management III LLC, | ) | Case No. 25-11334-jps |
| | ) | |
| Debtor in Possession. | ) | Chapter 11 |
| | ) | |
| | ) | Judge Jessica E. Price Smith |

## DEBTOR'S OBJECTION TO MOTION TO CONVERT OR DISMISS CASE AND MEMORANDUM CONTRA

Debtor Pizzeria Management III LLC. respectfully OBJECTS to the Motion to Convert or Dismiss filed by Joseph Ciresi, Cassie Ciresi, and Zeppe's Tavern Franchise LLC (the "Ciresi Parties") [Docket No. 122] because cause for conversion or dismissal does not exist and conversion or dismissal is not in the best interests of the Debtor, the estate, or creditors. A Memorandum Contra is set forth below.

### MEMORANDUM CONTRA

### Loss to or Diminution of the Esate

The Motion to Covert or Dismiss (the "Motion") correctly identifies Bankruptcy Code Section 1112 as the law governing conversion or dismissal. Section 1112(b) establishes that conversion or dismissal requires a finding of cause. The Motion asserts, incorrectly, that cause exists because there has been a "substantial and continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *See Motion, paragraph 9.*

Under this theory, a movant must demonstrate *both* (1) a continuing loss or diminution of estate assets, and (2) an absence of a reasonable likelihood of rehabilitation. *See, In re Westgate Props.,* 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010). Movants assert, based on an analysis of

1

cash flow during the case so far, that the Debtor is in a state of continuing loss or diminution of estate assets totaling $45,492.27 over 11 months.[1] Movant's assertion fails to note that during the case thus far, the Debtor has aggressively paid off all of the indebtedness of one secured creditor (WebBank, d/b/a/ Toast Capital) which was owed over $36,000 at the inception of this case, and has paid down the debt of a second secured creditor, Rewards Network, from $108,275 at the inception of the case to approximately $25,000 now. Moreover, all of these payments were made in the ordinary course of business and subject to the terms of cash collateral orders to which Movants assented.

The effect of these payments is that the Debtor's total indebtedness has been reduced by $119,275 over 12 months, leaving the Debtor in a far stronger position to pay out its disposable income to creditors for three years in accordance with its plan than it would have been in had the payments to WebBank and Rewards Network not been made. When the asserted cash flow "losses" of $45,000 are compared to the actual paydowns of perfected secured debt in the amount of $119,275 over the course of the case so far, it is clear that the asserted losses were the product of good cash management practices approved by the cash collateral orders, and do not reflect inability to turn a profit.

What counts most in a Chapter 11 case is the Debtor's ability to make its projected plan payments, not whether the cash-basis operating reports make it look as if the Debtor had cash-based losses in certain months. In this case, the Debtor's payments to Rewards Network and WebBank have been key to putting the business back on a solid financial footing. Movant's assertions are misplaced without accounting for the $119,275 reduction of secured debt accomplished thus far.

---

[1] Movant cites its own "Supplemental Objection, Docket No. 125, paragraph13 for this contention.

**Lease and Franchise Agreement Issues**

Movants also assert that the Debtor does not have a reasonable likelihood of rehabilitation because the Debtor's lease has been rejected. *See Motion, paragraph 3. See also, Supplemental Objection, paragraph 18.* This contention is based on the notion that under Bankruptcy Code Section 365(d)(4), a lease of non-residential real property is deemed to be rejected if not assumed within 120 days after the case is filed. However, as the Movants note in the Supplemental Objection, the Plan in this case provides that the Debtor assumes all leases as of the Effective Date of the Plan, unless an earlier Motion to Reject has been filed.

In this case, the Movants, who have consented to each of a series of continuances as the plan process has made its way through the Court, have waived any right to assert that the Lease is rejected. This case was filed on March 31, 2025. One Hundred Twenty days after that date was July 30, 2025. Eight months have passed after July 30th until April 4, when the Motion to Convert or Dismiss was filed. During each month of the case (now almost 13 months), the Debtor has operated in the leased premises and paid its rent under the lease. During each month after the Plan was filed on June 30, all parties including movants have been aware of the Plan provision providing for assumption of the lease on the Effective Date. Having been noticed to all parties, that provision is the equivalent of a Motion to Assume the Lease. No party has moved to deem the lease rejected, and having waived the issue, it is now too late for any party to argue that the lease was rejected at the end of July. This is particularly true where the landlord has accepted the rent for every one of the eight-plus months after Movants argue the lease was rejected. The conduct of all parties has conclusively established that the lease was not rejected, and Movants have admitted the presence of the Plan language assuming the lease as of the Effective Date.

3

In addition, the Ciresi parties are defendants in an adversary proceeding which asserts that the inclusion of Pizzeria Management III as a co-maker on the promissory note signed by Jason Dicks constituted a voidable fraudulent conveyance. It is likely that the Ciresi parties will be found not to be creditors of the Debtor in this case as a result, meaning that they do not have standing to assert that the lease was rejected or to move for conversion or dismissal in the first place.

The Movants also argue, incorrectly, that the Franchise Agreement cannot be assumed or assigned. That logic is incorrect because Jason Dicks is not in default, and Pizzeria Management III does not owe any money under the Agreement, to which it is not a party. *See, Response in Opposition of Jason Dicks to Motion for Allowance of Administrative Claim Filed by Zeppe's Franchise LLC* [Docket No. 140 in the Jason Dicks case]. Moreover, the continued viability of the Debtor in this case does not require operations as a Zeppe's.

**Conclusion**

There are no grounds to convert or dismiss this case. The Debtor is stronger, financially, not weaker, as a result of making payments to its secured creditors during the case, even though considering only the cash payments side of the balance sheet gives the illusion of losses. The Debtor will emerge from Chapter 11 with substantially less debt than it carried on the Petition Date. As a result, financial feasibility is at its apex.

Despite the Movants' attempts to argue that the lease was rejected, the plain facts show that it was not, and that any argument to assert otherwise has been waived. Conduct of the parties and equities still matter in bankruptcy cases, and the Movants' arguments fly in the face of both. As a result of all parties to the case having waived these arguments, it now too late for anyone to assert them in this case.

4

The arguments made by the Movants with respect to the franchise agreement are factually and legally wrong. There is no default, and any argument that the agreement could not be assigned to the actual operator of the restaurant flies straight into the facts and law. Movants have not articulated a viable objection to confirmation, let alone a reason to convert or dismiss this case.

**WHEREFORE,** the Debtor respectfully requests that this Court DENY the Motion to Convert or Dismiss.

Respectfully submitted,

/s/Thomas W. Coffey
Thomas W. Coffey (0046877)
Coffey Law LLC
2430 Tremont Avenue
Cleveland, OH 44113
(216) 870-8866
tcoffey@tcoffeylaw.com

*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that he foregoing Debtor's Objection to Motion to Convert or Dismiss Case and Memorandum Contra was served on the persons whose names are set forth below by operation of the Court's electronic case filing system on April, 27 2026.

Frederic P. Schwieg, Counsel for Jason J. Dicks, at fschwieg@schwieglaw.com

Spencer Lutz, Trial Attorney for the U.S. Trustee at Spencer.Lutz@usdoj.com

Patricia B. Fugee, Subchapter V Trustee, at patricia.fugee@ficherbroyles.com

John Rutter, Counsel for Joseph and Cassie Ciresi and Zeppe's Tavern Franchise LLC, at

jrutter@ralaw.com  and cmillard@ralaw.com

Mary Born, Counsel for Rewards Network, at mborn@rewardsnetwork.com

Nathan Vaughan, Counsel for Kimble Companies, at nvaughan@kimblecompamies.com

And, upon all other persons receiving electronic service in this case on the same date.


/s/Thomas W. Coffey
Thomas W. Coffey (0046877)

25-11334-jps    Doc 127    FILED 04/27/26    ENTERED 04/27/26 09:33:55    Page 6 of 6