# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION
### CLEVELAND, OHIO

IN RE:

PIZZERIA MANAGEMENT III LLC,

                    Debtor.

CASE NO.   25-11334

CHAPTER   11

SUBCHAPTER V

JUDGE JESSICA PRICE SMITH

## MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

Now comes creditor Zeppe's Tavern Franchise LLC (the "Zeppe's"), by and through its undersigned counsel, and hereby submits this *Motion for Allowance of Administrative Claim* (the "Motion") requesting an Order from this Court allowing Zeppe's an administrative claim pursuant to 11 U.S.C. § 503(b)(1)(A). In support of this Motion, Zeppe's state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2.      On March 31, 2025 (the "Petition Date"), Pizzeria Management III LLC (the "Debtor") commenced this case by filing a voluntary petition for relief under Subchapter V of title 11 of the United States Code (the "Bankruptcy Code").

3.      Debtor is solely owned and operated by Jason Dicks ("Dicks"). Dicks currently has his own individual bankruptcy case pending before this Court, Case No. 25-11336 (the "Dicks Case").

4. Prior to the commencement of the Dicks Case, Dicks entered into a Franchise Agreement (the "Franchise Agreement") with Zeppe's which sets forth Dicks' rights and obligations related to the operation of the Zeppe's tavern restaurant at 11110 Kinsman Rd., Newbury, Ohio 44065 (the "Franchised Business").

5. Under the terms of the Franchise Agreement, Dicks must pay Zeppe's royalty fees equal to four percent (4%) of the Franchised Business's gross weekly sales. *See*, Franchise Agreement, Section 4.2. If Debtor does not pay royalties due under the Franchise Agreement on the date established thereunder, Debtor must pay the outstanding amount overdue and interest on the overdue amount at the rate of eighteen percent (18%) per annum. *See*, Franchise Agreement 4.5.

6. Dicks and Zeppe's are the only parties to the Franchise Agreement and Dicks is solely responsible for paying the royalties (the "Deferred Royalties") to Zeppe's pursuant to the Franchise Agreement.

7. Zeppe's filed its *Motion for Allowance of Administrative Claim* in the Dicks Case (the "Dicks Motion") on April 6, 2026 [Dicks Case Docket No. 133]. The Dicks Motion requested this Court enter an Order allowing an administrative claim in the Dicks Case for the amounts due from Dicks for the unpaid Deferred Royalties. The Deferred Royalties are attributable to Dicks, because of his post-petition liability and the benefit to his bankruptcy estate from the income derived under the Franchise Agreement.

8. Dicks filed his *Response* to the Dicks Motion *[Doc. 133]* (the "Dicks Response") [Dicks Case Docket No. 140], wherein Dicks argues that the Deferred Royalties are not a necessary cost of the Dicks bankruptcy estate and that Debtor, not Dicks, is the operator of the Newbury Tavern. *See*, Dicks Response ¶ 6.

2

9.      Zeppe's is filing its *Reply in Support of the Dicks Motion* (the "Dicks Reply") in the Dicks Case. As stated in the Dicks Reply, Zeppe's believes administrative treatment for the Deferred Royalties is properly attributable to and payable by the Dicks bankruptcy estate.

10.      Since the Petition Date, and since the filing of the Dicks Case, Zeppe's has not been paid for any post-petition Deferred Royalties.

## RELIEF REQUESTED

11.      By this Motion, Zeppe's restfully requests that the Court enter an Order pursuant to section 503(b)(1)(A) allowing the payment of the Deferred Royalties as an administrative expense claim.

## BASIS FOR RELIEF

12.      The Bankruptcy Code states that, "after notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including… the actual, necessary costs and expenses of preserving the estate…". *See,* 11 U.S.C. § 503(b)(1)(A); *see also*, *Mediofactoring v. McDermott (In re Connolly N. Am., LLC)*, 802 F.3d 810, 816 (6th Cir. 2015) (the type of costs and expenses listed in section 503(b) is not exhaustive when Congress choses to use the wording "including").

13.      As stated in the Dicks Motion, in part, and the Dicks Reply, Zeppe's is of the position that the post-petition Deferred Royalties are properly attributable to the Dicks bankruptcy estate because the Franchise Agreement is between Zeppe's and Dicks, Dicks is solely responsible for paying the Deferred Royalties, and that this obligation is a necessary expense to his estate because his operation of the Franchised Business has provided him with all post-petition income to date and is the only source of income that will fund his proposed plan of reorganization.

14. Despite these inarguable facts, Dicks has taken the position that the post-petition Deferred Royalties are attributable to Debtor's bankruptcy estate. *See*, Dicks Response ¶ 6 ("…[Dicks] as an individual has not operated the Newbury Tavern, and therefore the amounts due under the Franchise Agreement are not a necessary cost or expense of preserving *this* bankruptcy estate and therefore not entitled to administrative priority under section 503. Second, [Debtor] and not [Dicks] is the operator of the Newbury Tavern. Therefore, [Dicks] has not made any *sales* under the Franchise Agreement and is therefore there is no money due under the Franchise Agreement as drafted.") (footnote omitted) (emphasis in original).

15. Out of an abundance of caution so as not to waive any claim against Debtor should Dicks' arguments prevail, Zeppe's is filing this Motion.

16. Lastly, Zeppe's points out that Debtor's bankruptcy estate has also benefitted materially through the continued operation of the Franchised Business during the pendency of this case. Debtor has been able to continue its business with the benefit of the automatic stay and propose a plan of reorganization, while neither Dicks nor Debtor has paid anything to Zeppe's for the post-petition Deferred Royalties.

17. Alternatively, and specifically in regard to Debtor's bankruptcy estate, Zeppe's should be entitled to an administrative claim in this bankruptcy case on an equitable theory of unjust enrichment.

## CONCLUSION

WHEREFORE, Zeppe's respectfully requests the Court enter an Order allowing an administrative expense for the Deferred Royalties.

4

Dated: April 27, 2026

Respectfully submitted,

*/s/ John J. Rutter*
John J. Rutter (0079186)
Christopher M. Millard (0105607)
Roetzel & Andress, LPA
222 South Main Street, Suite 400
Akron, OH  44308
Phone: 330.376.2700
Fax: 330.376.4577
E-mail:  jrutter@ralaw.com
E-mail:  cmillard@ralaw.com

*Attorneys for the Zeppe's*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, a true and correct copy of the *Motion for Allowance of Administrative Claim*, was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- **Christian E Carson**    christian@carsonlaw.com
- **Thomas W. Coffey**    tcoffey@tcoffeylaw.com, nbeba@tcoffeylaw.com
- **Patricia B. Fugee**    patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net
- **Spencer Lutz**    spencer.lutz@usdoj.gov
- **John J. Rutter**    jrutter@ralaw.com
- **Frederic P. Schwieg**    fschwieg@schwieglaw.com
- **United States Trustee**    (Registered address)@usdoj.gov

*/s/ John J. Rutter*
John J. Rutter (0079186)

5