IN RE:

PIZZERIA MANAGEMENT III LLC,

Debtor.

CASE NO.   25-11334

CHAPTER   11

SUBCHAPTER V

JUDGE JESSICA PRICE SMITH

**REPLY IN SUPPORT OF MOTION TO CONVERT OR DISMISS CASE**

Now comes, Joesph T. Ciresi, Cassie Ciresi, and Zeppe's Tavern Franchise LLC (collectively, the "Zeppe's Parties"), by and through their undersigned counsel, and submit this *Reply in Support of Motion to Convert or Dismiss Case* (this "Reply") in support of their *Motion to Convert or Dismiss Case* (the "Motion") [Docket No. 122], and reply to the *Debtor's Objection to Motion to Convert or Dismiss Case and Memorandum Contra* (the "Debtor's Objection") filed by Pizzeria Management III LLC (the "Debtor") and to the *Objection of IPlanGroup FBO Christian Carson IRA to Motion to Convert or Dismiss* ("iPlan's Objection") filed by iPlanGroup Custodian FBA Christian Carson IRA ("iPlan"). In support of this Reply, the Zeppe's Parties state as follows:

1.      Debtor and iPlan take the position that the payment of certain secured debts should not be taken into account when determining the negative cash balance that Debtor has reported on its monthly operating reports. *See,* Debtor's Objection, p. 2; iPlan's Objection, ¶ 4-5.

2.      The Zeppe's Parties assert that these payments, whether paid with Court permission or not, should not be discounted from the Debtor's negative net cash flow that has occurred during the pendency of the case.

3.      These payments on secured debts are ordinary operating costs of Debtor's business, and some will continue following confirmation of any plan. *See*, Debtor's Objection, p. 2.

4.      Next, Debtor asserts that Zeppe's Parties' argument that the premises lease has been rejected has been waived because of the amount of time that has passed during this case, and that the plan language, in substance, is a motion to accept that lease.[1] *See,* Debtor's Objection, p. 3.

5.      The Bankruptcy Code states,

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease ***by the earlier of***—

(i)   the date that is 120 days after the date of the order for relief; or

(ii)  the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4) (***emphasis added***).

6.      This statutory language dictates that assumption of the lease must occur no later than 120 days after the petition date. Additionally, Debtor's argument that the plan provision cited by Debtor "is the equivalent of a Motion to Assume the Lease" is without merit. "There is no room in the bankruptcy scheme for assumption of an executory contract by implication". *In re Swallen's Inc.*, 210 B.R. 120, 122 (Bankr. S.D. Ohio 1997). The doctrine of implied assumption is without merit, and an executory contract or unexpired lease may only be expressly assumed. *In re Allen*, 362 B.R. 866, 870 (Bankr. N.D. Ohio 2007). "The bankruptcy court's interpretation is consistent with the conclusions by other courts that an executory contract may ***not be assumed either by implication or through the use of boilerplate plan language***." *Stumpf v. McGee (In re O'Connor)*,

---

[1] Debtor is referencing the boilerplate language of its proposed plan that reads, "Except for any executory contract or unexpired lease which has been the subject of a Motion to Reject it prior to the Effective Date, the Debtor assumes all executory contracts and unexpired leases as of the Effective Date of the Plan."

2

258 F.3d 392, 401 (5th Cir. 2001) (***emphasis added***) (citations omitted).[2] Therefore, Debtor's claim

that this plan provision acts as a motion to assume is without merit and does not affirmatively

assume the lease within the timeframes established by the Bankruptcy Code. Debtor has proposed

leaving interested parties in the wind as to the treatment of the lease during the pendency of this

case. The Sixth Circuit Bankruptcy Appellate Panel noted the importance of these time frames

considering the relative rights of parties by articulating,

> … Congress was concerned with balancing the interests of debtor lessees in having enough time to make 'informed' decisions about leases against the interests of lessors in not 'being left in doubt concerning their status vis-à-vis the estate'… In Congress's own words, the deadline provisions of 11 U.S.C. § 365(d)(4) are intended to set a 'bright line' regarding how much time the trustee has to decide whether to assume or reject a lease.

*Cousin Props. v. Treasure Isles HC, Inc. (In re Treasure Isles HC, Inc.)*, 462 B.R. 645, 650 (B.A.P.

6th Cir. 2011) (citations omitted).

7.      Debtor and iPlan both assert that landlord's acceptance of rent that during the

pendency of this case operates as a waiver of the right to assert that the lease is rejected. *See*,

Debtor's Objection, p. 3; iPlan's Objection, ¶ 7.

8.      That argument is without merit. As one bankruptcy court in the Sixth Circuit has

articulated *sua sponte* regarding identical arguments,

> It is clear from the statute that the Debtor or Trustee must assume or reject a nonresidential real property lease within 60 days after the date of the petition; failure to do so will result in the rejection of the lease as a matter of law. "The language of the statute is plain and unequivocal, and where that is so there is no room for maneuver. Debtor took no action within the statutory 60 day period. . . . Movant is therefore entitled to an order that debtor surrender the real property in question to it." *In re Hurst Lincoln-Mercury, Inc.*, 70 B.R. 815, 818 (Bankr. S.D. Ohio 1987). "[T]he debtor-lessee of a nonresidential real property lease must act

---

[2] The *O'Connor* court noted, "the Plan provides that executory contracts 'with or for the benefit of employees, agents or brokers … *are hereby rejected*,' and that 'all … executory contracts, other than contracts with or for the benefit of employees, agents or brokers, *not* rejected prior to time [*sic*] set forth herein *will be assumed*'." *Id*. (*emphasis in original*).

within 60 days or the lease is deemed rejected under all chapters." *In re Burns Fabricating Company*, 61 B.R. 955, 956 (Bankr. E.D. Mich. 1986). *Accord In re Miller*, 282 F.3d 874, 877 (6th Cir. 2002) ("[the lease] was deemed rejected September 12, 1999, sixty days after the petition was filed."). Because the Debtors were aware of the existence of the Lease, there is no basis on which the Court may disregard the strictures of the statute, and equitable arguments may not lie.

The Debtors argue that the Claimant has waived their rights under 11 U.S.C. § 365(d)(4). In support of this argument the Debtors rely upon the actual or constructive knowledge by the Claimant of the Debtors' bankruptcy. However, this argument misplaces the burden upon the Claimant rather than the Debtor or Trustee to assume the Lease. Additionally, the Debtors request that the Claimant be estopped from arguing that Section 365(d)(4) applies since the Claimants have received and continue to retain the rent and other benefits under the Lease. This argument is also misplaced, as the burden is not on the Claimant and the acceptance of payments for rent by the Claimant in and of itself does not constitute a waiver. "The Landlord has no affirmative duty to seek lease rejection upon the expiration of the 60 day period following the filing of the petition in bankruptcy as § 365(d)(4) of the Code states that the Lease is deemed rejected if the Debtor (or the Trustee) fails to move to assume the Lease within the 60 day period, and such **rejection is self-executing**." *In re Damianopoulos*, 93 B.R. 3, 7 (Bankr. N.D.N.Y. 1988) (emphasis added). Moreover, the Claimant is entitled to receive compensation for the use of the premises during the time of possession by the Debtors, and as noted by *Damianopoulos*, "acceptance of any such performance does not constitute a waiver or relinquishment of the lessor's rights under such lease." *Id*. The Court finds the Debtors' argument of waiver of 11 U.S.C. § 365(d)(4) by the Claimant not applicable in the instant case.

*In re Brown*, 367 B.R. 599, 603 (Bankr. S.D. Ohio 2006) (**emphasis added**).[3]

9.     To summarize the Zeppe's Parties' position, Debtor's cash flow, regardless of payments to secured creditors during the pendency of the case, has been negative, which is the Debtor's **best-case scenario**. This best-case scenario is destroyed by the following facts: (i) Debtor has not properly assumed the lease for the sole location of its operations and (ii) Debtor cannot take assignment of the Zeppe's franchise agreement from its sole owner and operator.[4]

---

[3] The time to assume a lease under this provision was increased from 60 days to 120 days upon the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. *See*, 3 Collier on Bankruptcy P 365.05[3].

[4] Yet again Debtor takes the position that Debtor is not a party to the franchise agreement. *See*, Debtor's Objection, p. 4. Zeppe's Parties have argued that the sole owner and operator of Debtor cannot assign the franchise agreement to Debtor. iPlan takes the position that the assumption issues are "abstract and hypothetical disputes". *See,* iPlan's

10.     Finally, iPlan takes issue with the liquidation analysis set forth in the Motion as not properly considering secured claims. *See*, iPlan's Objection, ¶ 8. Debtor supplied that figure with its plan to demonstrate compliance with the best interests of creditors test (*i.e.* the amount of unencumbered equity available to unsecured creditors after consideration of liens).  Frankly, iPlan's argument does not make sense. The Zeppe's Parties brought the liquidation analysis to the Court's attention so that the Court, in utilizing its discretion, can consider whether dismissal or conversion is in the best interest of creditors and the estate. The Zeppe's Parties will be satisfied with either result upon a finding of cause.

WHEREFORE, the Zeppe Parties respectfully request that this Court grant the Motion, overrule Debtor's Objection and iPlan's Objection, use its discretion as to a decision of whether to convert or dismiss Debtor's case, and enter any other relief the Court finds just and equitable.

Dated: May 1, 2026                                          Respectfully submitted,


                                                            */s/ John J. Rutter*
                                                            John J. Rutter (0079186)
                                                            Christopher M. Millard, (0105607)
                                                            Roetzel & Andress, LPA
                                                            222 South Main Street
                                                            Akron, OH  44308
                                                            Phone: 330.376.2700
                                                            Fax: 330.376.4577
                                                            jrutter@ralaw.com
                                                            cmillard@ralaw.com

                                                            *Attorneys for the Zeppe's Parties*

---

Objection, ¶ 6. Assumption and assignability are legal requirements under the Bankruptcy Code and to accept that proposition would render the entire Bankruptcy Code as "abstract and hypothetical."

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2026, a true and correct copy of the *Reply in Support of Motion to Convert or Dismiss Case*, was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- **Christian E Carson**    christian@carsonlaw.com
- **Thomas W. Coffey**    tcoffey@tcoffeylaw.com, nbeba@tcoffeylaw.com
- **Patricia B. Fugee**    patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net
- **Spencer Lutz**    spencer.lutz@usdoj.gov
- **John J. Rutter**    jrutter@ralaw.com
- **Frederic P. Schwieg**    fschwieg@schwieglaw.com
- **United States Trustee**    (Registered address)@usdoj.gov

*/s/ John J. Rutter*
John J. Rutter (0079186)

6